UNITED STATED DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANTHONY COWART | * | CIVIL ACTION NO: 22-00631 |
|    Plaintiff | * | |
| | * | |
| | * | |
|    VERSUS | * | SECTION "A" |
| | * | JUDGE:ZAINEY |
| OFFICER ISAIAH SHANNON, | * | |
| CITY OF NEW ORLEANS, NEW ORLEANS | * | |
| POLICE DEPARTMENT and | * | |
| SHAUN FERGUSON in his | * | |
| official Capacity as the SUPERINTENDANT | * | MAGISTRATE: |
| of the NEW ORLEANS POLICE DEPART | * | JANIS VAN MEERVELD |
| | * | |
| Defendants | * | |
| | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**OPPOSITION TO MOTION  RULE 12 (b)(5) and 12 (b)(6) MOTION TO DISMISS**

    **NOW COMES complainant**, **ANTHONY COWART**, through undersigned counsel, who respectfully submits this opposition to defendant, **SHAUN FERGUSON'S**, motion to dismiss:

I.    **OPPOSITION TO RULE 12 (b)(5) MOTION TO DISMISS FOR INSUFFICIENT SERVICE**

    Rule 4 of the Federal Rules of Civil Procedure address service of a complaint with summons.  Pursuant of Rule 4(c) of the Federal Rules of Civil Procedure, a summons must be served with a copy of the complaint.  Any person who is at least 18 years of age and not a party

1

to the suit may serve the summons and complaint. Pursuant to Rule 4 (e)(C), the plaintiff may have a copy of the summons and complaint delivered to an agent of the defendant authorized by appointment or by law to receive service of the summons and complaint.  Additionally, pursuant to Louisiana Code of Civil Procedure Article 1265, service may be made on a chief executive officer of a municipality or either personally, or in his absence, by service upon any employee thereof of suitable age and discretion.

Notice of this complaint was delivered by certified mail to the Chief Shaun Fegusen on or about April 21, 2022.  (See exhibit no. 1).  Similar Notices were mailed to the City of New Orleans, Mayor Latoya Cantrell's office  However, the notices were not returned. The defendant, notwithstanding  receiving notice of the complaint, has not waived service and has raised the defense of insufficient service of process.  Therefore, to the extent the defendant alleges service was insufficient, service of the complaint and summons were delivered to the Mayor of the City of New Orleans' office by Toni Wise on July 26, 2022, who was subsequently directed to deliver a copy of the summons and complaint to the legal department for the City of New Orleans, where she delivered the summons and complaint regarding the City of New Orleans and the New Orleans police department. (See exhbit no. 2).  Service of the summons and complaint has not been served upon officer Isaiah Shannon as of yet due to his whereabouts being unknown.

II.     **OPPOSITION TO RULE 12 (b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Additionally, in this case the defendant has filed a Rule 12 (b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.  Federal Rule of Civil Procedure 12 (b)(6) governs dismissal of complaints due to a failure to state a claim upon which releif can be

granted. *Federal Rule of Civil Procedure 12 (b)(6)*. These type of motions are reviewed with disfavor and are rarely granted. <u>Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.</u>, *677 F.2d 1045, 1050 (5ᵗʰ cir. 1982), cert. Denied, 549 U.S. 1205 (1983)*. To state a claim for releif, the pleading must contain "a short and plain statement showing that the pleader is entitled to relief. *Rule 8 of the Federal Rules of Civil Procedure.* Detailed factual allegations are not requried. <u>Atlantic Corp v. Twombly</u>, *550 U.S. 544, 555*. When analyzng a complaint pursuant to a Rule 12 (b)(6) motion, the complaint must be liberally contrued in favor of the plaintiff and all facts pled in the complaint must be taken as true. <u>Campbell v Wells Fargo Bank</u>, *781 F.2d 440, 442 (5ᵗʰ Cir.), cert. Denied, 476 U.S. 1159 (1986)*. A complaint will survive a motion to dismiss for failure to state a claim if factaul allegations are pled which allow the court to draw reasonable inferences that the defendant is liable. <u>Ashcroft v. Iqbal</u>, *556 u.S. 662, 678 (2009)*. Furthermore, "the court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim." <u>United States ex rel. Riley v St. Lukes Episcopal Hosp.</u>, *355 F.3d 370, 376 (5ᵗʰ Cir. 2004)*.

Rule 8(a)(1) of the Federal Rules of Civil Procedure require a short and plain statement of the claim showing the pleader is entitled to relief. Detailed allegations are not required. To establish an excessive use of force violation, a plaintiff must prove (1) injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable. In this case, **ANTHONY COAWRT** has alleged 42 U.S.C.A. § 1983 violations by officer Isiah Shannon and the New Orleans Police Department. He specifically pled, in parargraph 9 of his complaint that as he turned and attempted to run, **OFFICER ISAIAH SHANNON's** gun discharged and struck him in his leg, causing him to fall

to the ground in pain.  In the preceding paragraph, he pled **OFFICER ISAIAH SHANNON AND OFFICER MARKUS CALDWELL** were patroling the 4300 block of Werner Drive..." where he was seated in a white jaguar as a passenger.  In paragraph 10 of his pleadings, **ANTHONY COWART** alleges **OFFICER ISAIAH SHANNON's** discharge of his weapon to prevent him from fleeing, at a time when he posed no threat to **OFFICER SHANNON** constituted excessive use of force and a deliberate indifference to his consitutional right to be free from unreasonable seizure, a violation of 42 U.S.C. § 1983 and Louisiana Revised Statutes, 14: 33, 14:34, 14:35,  14:36, 14:37, 14:38 and 14:39. Notwithstanding the fact that **ANTHONY COWART'S** pleading may have some conclusory language, i. e.,"constitutes excssive use of foce," he has sufficiently pled facts to state a claim for relief pursuant to 42 U.S.C. § 1983 if all of the allegations in his pleading are accepted as true, particularly focusing on the allegations that **OFFICER ISAIAH SHANNON** shot him at a time when he posed no threat, and the shooting occured while **OFFICER ISAIAH SHANNON** was in the course and scope of his employment, patrolling the 4300 block of Werner Drive, New Orleans, Louisiana. Furthermore, **ANTHONY COWART'S** allegations that the **CITY OF NEW ORLEANS** is liable to him for damages as a result of their failure to properly train, supervise and discipline **OFFICER ISAIAH SHANNON** and that the New Orleans Police Department allowed **OFFICER ISAIAH SHANNON** to patrol neighborhoods when they knew or should have known **OFFICER ISAIAH SHANNON's** policing practices failed to comply with departmental guidelines and regulations are based on testimony provided by supervisory personnel in the New Orleans Police Department, who were familiar with departmental policy and **OFFICER ISAIAH SHANNON's** disciplinary history, who  testified under oath at a Civl Service hearing in support of  **OFFICER ISAIAH**

**SHANNON's** termination. Their testimony is relevant in establishing the causal connection the defendant complains about in his motion to dismiss   The record, once acquired through discovery, will include testimonty regaridng the New Orlean's Police department's supervisory personnel's actions and knowledge of  **OFFICER ISAIAH SHANNON's** history and their decsion to allow him to continue policing the community, knowing his history.  The history and the New Orleans Police Department's supervisory personnel's knowledge of the history raise the question whether the New Orleans Police Department acted indifferently and unreasonably regarding the risk of harm **OFFICER ISAIAH SHANNON's** policing practices posed to the community he policed and whether there were measures the department could have further implemented to protect the public from the harm  **OFFICER ISAIAH SHANNON's** practices posed.  At this stage in the proceedings the records have not been acquried and are in the possession of the defendant, but the records can be acquried through discovery. Similarly, the Civil Service Commission records can be acquiredd regarding the sworn testimony of persons familiar with  **OFFICER ISAIAH SHANNON's** employment history with the New Orleans Police Department.

Notwithstanding the above, the defendant has raised the defense of qualified immunity, which requires a two step anlysis to determine whether the defense of qualified immunity applies.  First, it must be determined whether the plaintiff has alleged a violation of a clearly established right. _Fontenot v. Cormier_, 56 F.3d 669, 673 (5th Cir. 1995).  Second, it must be determined whether the officer's conduct was objectively reasonble in light of the legal rules applicable at the time of the alleged violation. _Id._  **ANTHONY COWART** has alleged he was shot by **OFFICER ISAIAH SHANNON** at a time when he posed no threat and was fleeing

away from him. Those allegations, as pled, if accepted as true, establish a constitutional violation and an unreasonable seizure of **MR. COWART.** Shooting a fleeing suspect when he poses no threat on its face is objectively unreasoanble and excessive. Similarly, an officer's unholstering of his weapon while approaching a citizen who poses no threat and does not appear to be engaged in any cirminal activity is objectively unreasonable and excessive. As mentioned above, the New Orleans Police Department was aware or should have been aware of the potential risk of harm to the public that **OFFICER ISAIAH SHANNON'S** policing practices posed, yet it allowed **OFFICER ISAIAH SHANNON** to continue policing the community.

## CONCLUSION

The plaintiff has sufficiently stated a claim for relief, using short and conscise statements as permitted pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure. Furthermore, his factual allegations are sufficent to allow the court to draw reasonable inferences the defendants are liable.

**WHEREFORE**, the petitioner **ANTHONY COWART s**ubmits his opposition to defendant's motion to dismiss.

**RESPECTFULLY SUBMITTED:**
  /s/ Hollis Shepherd
Hollis Shepherd (LBN: 25501)
David Capasso   (LBN:  24990)
2221 Saint Claude Avenue
New Orleans, LA 70119
Phone: 504-975-1210
Fax:  504-648-1417
