UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY COWART | CIVIL ACTION |
| VERSUS | NO. 22-631 |
| OFFICER ISAIAH SHANNON, ET AL. | SECTION A(1) |

### ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 6)** filed by Defendants Shaun Ferguson, The City of New Orleans ("City"), New Orleans Police Department ("NOPD"). Plaintiff opposes the motion. The motion, submitted for consideration on June 22, 2022, is before the Court on the briefs without oral argument.

This action arises from the alleged illegal detention and shooting of Plaintiff by NOPD Officer Isaiah Shannon. Plaintiff asserts that his civil rights were violated under 42 U.S.C. § 1983 and the statutes and Constitution of the State of Louisiana. Defendants Shaun Ferguson, NOPD, and the City move to dismiss the lawsuit, claiming Plaintiff failed to state a claim to which relief can be granted and that not all Defendants were properly served. The Court finds that since the filing of this motion all Defendants have been served and that issue is now moot.

FRCP 12(b)(6) permits a court to dismiss a complaint when a plaintiff has failed to state a claim for which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. *Iqbal v. Ashcroft*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not mere legal conclusions portrayed as facts. *Id*. at 667 Additionally, the factual allegations of a

complaint must state a *plausible* claim for relief. *Id*. A complaint states a "plausible claim for relief" when the factual allegations contained therein, taken as true, necessarily demonstrate actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id*.; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.1986). The Court must not look beyond the four corners of the pleadings to determine whether any relief should be granted. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). In a 12(b)(6) analysis, the Court must view the facts in a light most favorable to the Plaintiff. Sonnier v. State Farm Mutual Auto. Ins. Co., 509 F.3d 673, 675 (5th Cir. 2007). Accordingly, the Court must not wage into a fact-intensive mission, meant for a stage later in the litigation process.

Public officials can be sued in their individual capacity, if the plaintiff can show the official caused the deprivation of a federal right, acting under the color of state law. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). Conversely, supervising officials are not vicariously liable for their subordinates' actions just because they are supervisors. *Monell v. Department of Social Services*, 436 U.S. 658, 691-95 (1978). Supervisors of officials are only held liable if: (i) they affirmatively participate in acts that cause constitutional deprivation; or (ii) implement unconstitutional policies that causally result in plaintiff's injury." *Mouille v. City of Live Oak, Texas*, 977 F.2d 924, 929 (5th Cir. 1992). To be clear, there must be a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *see also Smith v. City of Gretna Police Dept.*, 175 F. Supp. 2d 870, 875 (E.D.La. 2001). Finally, a plaintiff must allege in his pleadings that the supervisor's *specific* conduct and actions give rise to a constitutional violation." *See Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2003).

Municipal liability may not be based on the doctrine of respondent superior, but rather, must be evidenced through an endorsement by the official himself. *Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 167 (5th Cir. 2010). *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). Municipal liability under § 1983 requires proof of three elements: "(1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose 'moving force' is the policy or custom." *Davis v. Tarrant Cnty., Tex.*, 565 F.3d

214, 227 (5th Cir. 2009). In very limited circumstances, Courts have extended liability to a local government for its failure to train employees about their duty to avoid violating citizens' rights. *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011).  The failure to train city employees might constitute a policy, but only when it is shown through a deliberate and conscious choice by a municipality. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989).  The Court must extend liability to a municipality only, "in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." Id. at 390.

Under Louisiana law, a police department is not a legal entity capable of being sued. *Knight v. Colens*, No. CIV.A. 06-4538, 2006 WL 2849774 (E.D. La. Oct. 3, 2006). Accordingly, Defendant's motion regarding NOPD is GRANTED and Plaintiff's claim against NOPD will be dismissed.

In the case at bar, Plaintiff mentions Shaun Ferguson three times in the Complaint.  (Rec. Doc. 1). In each of the times Mr. Ferguson is mentioned in the Complaint, there is no specificity of his direct involvement in the alleged misconduct.  Even with a liberal reading of the Federal Rules of Civil Procedure, the Court does not find that the Complaint was properly plead.  Instead, Plaintiff seems to attach liability to Mr. Ferguson in his official capacity as Mr. Shannon's supervisor through a vicarious liability theory, which the Court cannot allow on the face of the pleadings.  The Court is conscious that initial discovery may be fruitful in helping the Plaintiff enumerate Mr. Ferguson's potential involvement in this case; however, this cause of action cannot be a fact-finding expedition with no legal basis.  Accordingly, the Court **GRANTS** Defendant's motion regarding Defendant Ferguson.

Further, Plaintiff's claims regarding the City do not allege a specific policy or custom with any specificity.  Plaintiff's claims regarding the City are at best conclusory, but do not allege a pattern of this level of misconduct or that the City ratified Officer Shannon's behavior.  Defendant's motion to dismiss is **GRANTED** and Plaintiff's claims against the City are dismissed.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 6)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's **Motion to Dismiss (Rec. Doc. 6)** is **GRANTED** regarding Defendant Ferguson.

**IT IS FURTHER ORDERED** that Defendant's **Motion to Dismiss (Rec. Doc. 6)** is **GRANTED** regarding New Orleans Police Department.

**IT IS FURTHER ORDERED** that Defendant's **Motion to Dismiss (Rec. Doc. 6)** is **GRANTED** regarding the City of New Orleans.

October 13, 2022

JUDGE JAY C. ZAINEY

UNITED STATES DISTRICT JUDGE