UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY COWART** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-631** |
| **OFFICER ISAIAH SHANNON, ET AL.** | **SECTION A(1)** |

### ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss for Failure to State a Claim** *Pursuant to FRCP 12(B)(6)* **(Rec. Doc. 19)** filed by Defendant Isaiah Shannon. The motion, submitted for consideration on December 7, 2022, is before the Court on the briefs without oral argument. The Court has previously ruled on similar grounds for the remaining Defendants who were terminated from the lawsuit in its Order and Reasons from October 14, 2022 (Rec. Doc. 17). On the same grounds, but for different reasons, the Defendant's Motion is **DENIED**.

FRCP 12(b)(6) permits a court to dismiss a complaint when a plaintiff has failed to state a claim for which relief can be granted. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face. *Iqbal v. Ashcroft*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual matter contained in the complaint must allege actual facts, not mere legal conclusions portrayed as facts. *Id*. at 667 Additionally, the factual allegations of a complaint must state a *plausible* claim for relief. *Id*.

A complaint states a "plausible claim for relief" when the factual allegations contained therein, taken as true, necessarily demonstrate actual misconduct on the part of the defendant, not a "mere possibility of misconduct." *Id.*; *see also Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir.1986). The Court must not look beyond the four corners of the pleadings to determine whether any relief should be granted. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

In a 12(b)(6) analysis, the Court must view the facts in a light most favorable to the Plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). Accordingly, the Court must not wage into a fact-intensive mission, meant for a stage later in the litigation process. Public officials can be sued in their individual capacity, if the plaintiff can show the official caused the deprivation of a federal right, acting under the color of state law. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *see also Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). §1983 claims are decided with a two-part analysis: first, the plaintiff must prove that he was deprived of some clearly established right and that which a reasonable person would have known was improper. *Fontenot v. Cormier*, 56 F.3d 669, 673 (5th Cir. 1995); *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).

In the present case, Defendant Shannon asks the Court to wage into a fact-finding expedition meant for a stage later in the litigation process by asking the Court to determine if his actions were proper pursuant to §1983 case law. However, that is not what is at issue in this motion. The Court must weight the facts in a light most favorable to the Plaintiff to determine if the complaint, taken as true, alleges actual misconduct.

The Defendant moves to dismiss the lawsuit because it claims a distinction between the Defendant's gun discharging from negligence as opposed to intentionally, and therefore the Plaintiff cannot make a plausible §1983 claim. The Court finds that the distinction, while it may be admissible and albeit persuasive in a later stage of the litigation process, is immaterial to the analysis here.

The Defendant further moves to dismiss the lawsuit because he alleges the Plaintiff did not allege an actual deprivation of the Plaintiff's Constitutional rights in his complaint. The Court finds little merit in this claim, as the Plaintiff thoroughly described the deprivation of the Plaintiff's Fourth Amendment Right against unreasonable search and seizure in his complaint, even if the words "Fourth Amendment" were not explicitly stated.

Next, the Defendant moves to dismiss the lawsuit because the Plaintiff's Complaint did not allege facts that show the Defendant's conduct did not violate clearly established statutory or violate constitutional rights of which a reasonable person would have known. Again, this is a factual dispute that cannot be determined at this point. The Defendant cites no case law to support this claim, but only compares his version of the facts of the struggle that lead to the Plaintiff's injuries.

Finally, the Defendant's motion rests on asking the Court to make factual determinations to find in favor of granting the motion. For the reasons stated and viewing the facts in the complaint in a light most favorable to the Plaintiff, the Motion to Dismiss is DENIED.

Accordingly;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 19)** is **DENIED.**

July 17, 2023

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE